UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMANDO GARCIA,

        Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

No.  2:24-cv-3624 AC

**ORDER**

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1]  For the reasons that follow, plaintiff's motion for summary judgment will be GRANTED, and defendant's cross-motion for summary judgment will be DENIED.  The matter will be reversed and remanded to the Commissioner for further proceedings.

## I.  PROCEDURAL BACKGROUND

Plaintiff applied for DIB on October 22, 2021.  Administrative Record ("AR") 240-41.  The disability onset date was alleged to be July 30, 2020.  Id.  Plaintiff filed a concurrent

---

[1]  DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability.  42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).

application for SSI, alleging a disability onset date of November 1, 2015.  AR 242.  The DIB application was disapproved initially and on reconsideration.  AR 132-55, 163-69.  On August 17, 2023, ALJ Vincent Misenti presided over the telephonic hearing on plaintiff's challenge to the disapprovals.  AR 50-61 (transcript).  Plaintiff, who consulted with an attorney prior to the hearing but appeared without an attorney, was present via telephone.  AR 52.  At this hearing, plaintiff testified that he was presently in the hospital with an infection in his foot, which had already been partially amputated, and it became apparent that significant medical records would be forthcoming.  AR 59.  Upon hearing that plaintiff was hospitalized, the ALJ determined that the case was "not ready for a decision just yet."  AR 59.  The ALJ continued the hearing and said to plaintiff, "[w]hat you need to do is when you're released contact our office and let our office know what's been happening with you medically and ask them if they could obtain these medical records on your behalf.  And then what I'm going to do is I'm going to set up a consultative medical evaluation and I'm going to have one of our doctors take a look at you and get it, all right?"  Id.  The hearing concluded without further substantive testimony. AR 61.

A second telephonic hearing was held January 10, 2024.  AR 32.  Plaintiff testified via telephone, as did Vocational Expert Kelly Bartlett.  The ALJ noted that he had received and reviewed the records from plaintiff's August 2023 hospitalization.  AR 34.  On February 28, 2024, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d).  AR 8-26 (decision).  On November 7, 2024, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security.  AR 1-5.

Plaintiff filed this action on December 19, 2024.  ECF No. 1; see 42 U.S.C. § 405(g).  The parties consented to the jurisdiction of the magistrate judge.  ECF No. 8.  The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner (ECF No. 9), have been fully briefed.  ECF Nos.  10 (plaintiff's summary judgment motion), 16 (Commissioner's summary judgment motion).

////

////

## II. FACTUAL BACKGROUND

Plaintiff was born in 1983 and accordingly was a younger person under the regulations when he filed his application.[2]  AR 240.  Plaintiff has at least a high school education.  AR 333.  Plaintiff has work history from January 2017 through July 2020 as an employee for In Home Supportive Services.  AR 272.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards."  Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'"  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance."  Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).  "It means such evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).  "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice."  Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).  Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion."  Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."  Thomas v. Barnhart,

---

[2]  See 20 C.F.R. § 404.1563(c) ("younger person").

278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404,

4

> Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5.  However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy."  Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2024.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since July 30, 2020, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 *et seq.*)
>
> 3. [Step 2] The claimant has the following severe impairments: diabetes mellitus with associated neuropathy, posterior tibial tendonitis, right Charcot foot, 5th right toe amputation and left midfoot amputation secondary to complications arising from osteomyelitis, diabetic neuropathy, ulcers and necrosis (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5

5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he is limited to occasional pushing and pulling with both lower extremities. He is limited to frequent feeling with both upper extremities. He can occasionally climb ramps and stairs, and never climb ladders and scaffolds. He can occasionally balance, stoop, kneel, crouch and crawl. He must avoid concentrated exposure to moving mechanical parts.

6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. [Step 5] The claimant was born [in 1983] and was 37 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. [Step 5, continued] The claimant has at least a high school education (20 CFR 404.1564).

9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant was not under a disability, as defined in the Social Security Act, from July 30, 2020, through the date of this decision (20 CFR 404.1520(g)).

AR 13-25. As noted, the ALJ concluded that plaintiff was "not disabled" under Title II of the Act. AR 25.

## VI. ANALYSIS

Plaintiff alleges that the ALJ erred by (1) relying on a non-evaluating state agency medical consultant who did not account for medical records since 2022, including lower extremity amputation; (2) failing to properly assess plaintiff's subjective symptom testimony; (3) failing to conclude that plaintiff has an orthopedic RFC that precludes the full range of sedentary work; and (4) failing to find that plaintiff's colostomy bag, hernia, stomach pain, and psychiatric impairments were "severe." ECF No. 10 at 8-27. Plaintiff argues the failures were harmful, and that the case should be remanded to the Commissioner for further proceedings. Id. at 27.

6

A. The ALJ Erred in Developing the Record to Determine the RFC

Plaintiff asserts that the ALJ committed reversible error because the only examining physician that he relied on to formulate his RFC assessment, Dr. Sharma (AR 20, citing AR 1566-70), failed to review over 1,500 pages of post-examination medical records, including surgical amputation reports. ECF No. 10 at 8. The Commissioner argues that plaintiff mischaracterizes the decision, because the ALJ also reviewed the medical opinion of five other physicians, including psychiatric consultative examiner C. DeBattista, M.D. (AR 16, citing AR 1561-65), state agency psychiatric consultants A. Franco, Psy.D., and H. Amado, M.D. (AR 16, citing AR 62-105, 108-55), M. Yee, M.D. (AR 22, citing AR 108-55), and A. Dipsia, M.D. (AR 23, citing AR 62-105). The ALJ found the opinions of Drs. Dipsia and Yee persuasive in part. AR 22-23.

The RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(a). The RFC assessment is an administrative finding made in consideration of all relevant evidence in the record. Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005). It is plaintiff's burden to furnish the evidence to establish disability. 20 C.F.R. §§ 404.1512(a), 416.912(a) ("[Y]ou have to prove to us that you are ... disabled ...."). However, ALJs have a duty to develop the record when there is an evidentiary gap. See, e.g., Patricia C. v. Saul, 2020 WL 4596757, at *22, 2020 U.S. Dist. LEXIS 144478 (S.D. Cal. Aug. 10, 2020) (finding substantial evidence did not support the RFC and the ALJ had a duty to develop the record where "there [was] no opinion evidence from any treating or examining physician regarding Plaintiff's post-surgery functional limitations"), adopted by 2020 WL 5423887 (S.D. Cal. Sept. 10, 2010); Sepulveda v. Astrue, 2010 WL 2990111, at *1 (C.D. Cal. July 28, 2010) (finding the duty to develop the record was triggered and "the ALJ erred by not ordering [the] plaintiff to undergo a consultative examination, when the ... medical records did not include an assessment of plaintiff's post-surgery functional limitations"); see also Mendenhall v. Astrue, 2012 WL 896251, at *12 (D. Az. Mar. 16, 2012) ("[T]he record is devoid of any assessment from a medical source of Plaintiff's physical residual functional capacity post-surgery. The instant record does not contain adequate medical information from which the ALJ could possibly assess Plaintiff's post-surgical physical residual functional capacity.").

7

Here, the Commissioner argues that the medical record before the ALJ was complete because he relied on multiple physician opinions, but this argument ignores the fact that *all* of the opinions relied on the medical record prior to 2023, when plaintiff's foot was amputated to the heel.  AR 21-22 (ALJ acknowledges that plaintiff had a mid-foot amputation on August 19, 2023, which was still healing as of the hearing on January 10, 2024).  To determine the RFC, the ALJ referred to the opinion of non-examining agency physician Dr. M. Yee (AR 151) issued on September 19, 2022 and the opinion of non-examining physician Dr. A. Dipsia (AR 101) issued in April 2022.  AR 22-23.  The only examining physician the ALJ referenced is Dr. Sharma (AR 1566-70) who provided a consultative examination on March 18, 2022.  AR 23.  The other physicians the Commissioner referred to, Drs. Franco, Amado and DeBattista, provided only psychiatric opinions.  AR 16.

All of the relevant medical opinions were issued before plaintiff experienced a significant surgery and mobility change due to foot amputation.  AR 21-22.  Accordingly, "[t]he instant record does not contain adequate medical information from which the ALJ could possibly assess Plaintiff's post-surgical physical residual functional capacity."  Mendenhall, 2012 WL 896251, at *12.  The ALJ erred in this regard, and remand is required.  Because the court finds that the ALJ issued an RFC based on an incomplete medical record and erred in his duty to develop the record, the court finds moot and does not address plaintiff's other argument that the ALJ erred in his determination of plaintiff's orthopedic RFC.  ECF No. 10 at 20-22.

B.  The ALJ Did Not Err in Rejecting Plaintiff's Subjective Testimony

Plaintiff alleges, as a second basis for remand, that the ALJ failed to properly consider his subjective testimony.  ECF No. 10 at 12.  Evaluating the credibility of a plaintiff's subjective testimony is a two-step process.  First, the ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. . . .  In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom."  Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations

omitted).  Objective medical evidence of the pain or fatigue itself is not required.  Id. (internal citations omitted).  Second, if the ALJ does not find evidence of malingering, the ALJ may only reject the claimant's testimony by offering "specific, clear and convincing reasons for doing so." Id. (internal citations omitted).

The ALJ's opinion states that plaintiff's conditions "could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."  AR 19. The ALJ supported this determination by various citations to the medical record and medical opinions, though as noted above, the opinions relied on were insufficiently recent.  AR 19-23.

The ALJ's specified reasons for discounting plaintiff's subjective testimony are legally sufficient.  "An ALJ must identify the specific testimony that lacks credibility, provide clear and convincing reasons why the testimony is not credible, and identify the specific evidence in the record which supports the ALJ's determination."  Talbot v. Colvin, No. SACV 14-1935 JC, 2015 WL 5826808, at *4 (C.D. Cal. Sept. 30, 2015).  Here, the ALJ contrasted plaintiff's testimony with the medical record.  AR 19-23.  Plaintiff's motion is inadequate to show error; it simply offers contrasting points in the medical record, which is vast.  Where plaintiff only offers an alternative interpretation of the record, it is the ALJ's interpretation that is entitled to deference. See Terry v. Saul, 998 F.3d 1010, 1013 (9th Cir. 2021).  Because the ALJ gave multiple reasons for discounting plaintiff's subjective complaints, and because plaintiff points to nothing more than an alternate interpretation of the medical evidence, the court does not find error here.

C.  Any Step Two Error is Harmless

Plaintiff alleges the ALJ erred by finding his conditions of colostomy bag, hernia, stomach pain, and depressive/anxiety disorder non-severe at Step Two.  ECF No. 10 at 22-27.  "The step-two inquiry is a de minimis screening device to dispose of groundless claims."  Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996).  The purpose is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were considered.  Bowen v. Yuckert, 482 U.S. 137, 153 (1987).  At step two of the

9

sequential evaluation, the ALJ determines which of claimant's alleged impairments are "severe" within the meaning of 20 C.F.R. § 404.1520(c).  "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'"  Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 96-3p, 1996 SSR LEXIS 10 (1996)).  The step two severity determination is "merely a threshold determination of whether the claimant is able to perform his past work.  Thus, a finding that a claimant is severe at step two only raises a prima facie case of a disability."  Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007).  At step two, plaintiff has the burden of providing medical evidence of signs, symptoms, and laboratory findings that show that his or her impairments are severe and are expected to last for a continuous period of twelve months.  Ukolov v. Barnhart, 420 F.3d 1002, 1004-05 (9th Cir. 2005); see also 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii).

As to the colostomy bag, hernia, and stomach pain, the ALJ noted that the colostomy bag had been in place since 2015 and that during the relevant period, the hernia was largely non-tender.  AR 14.  The impairments were found non-severe "based on the claimant's lack of significant symptoms."  Id.  To show error, plaintiff cites portions of the medical record that acknowledge the existence of the hernia and colostomy bag, and specific records of stomach pain, but does not cite evidence necessarily undercutting the ALJ's determination that there was a lack of significant symptoms from these impairments.  ECF No. 10 at 25-25.  Plaintiff has not presented evidence that undermines the ALJ's conclusion, and undersigned finds no error.

As to plaintiff's mental health symptoms, the ALJ considered the broad areas of mental functioning that are set out in the disability regulations for evaluating mental disorders and in the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1), known as the "paragraph B" criteria.  AR 14-16.  The ALJ concluded that the medically determinable mental impairments cause no more than "mild" limitation in any of the functional areas, and that the evidence did not otherwise indicate that there was more than a minimal limitation on plaintiff's ability to do basic work activities; he accordingly found the mental impairments nonsevere.  AR 16.  The ALJ stated that the RFC reflects the degree of limitation found in the paragraph B criteria (mild limitations).

AR 16.  The ALJ cited extensively to the record to support his conclusions.  AR 14-16.  Again, though plaintiff directs the court to several specific instances in the record of plaintiff presenting psychiatric symptoms, these instances do not necessarily undermine the ALJ's conclusions.  Considering the foregoing, the undersigned finds no error at step two.

### D.  Remand is Warranted

The undersigned agrees with plaintiff that the ALJ's error in failing to develop the record for the RFC was harmful, and remand for further proceedings by the Commissioner is necessary.  An error is harmful when it has some consequence on the ultimate non-disability determination.  Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006).  The ALJ's error in this regard was harmful; review of a properly developed medical record may very well result in a more restrictive residual functional capacity assessment, which may in turn alter the finding of non-disability.

It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether she is disabled under the Act.  See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court").  "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful."  Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).  Here, the ALJ failed to properly develop the medical record.  Further development of the record consistent with this order is necessary, and remand for further proceedings is the appropriate remedy.

### VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 10), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 16), is DENIED;

3. This matter is REMANDED to the Commissioner for further consideration consistent with this order; and

////

////

4.  The Clerk of the Court shall enter judgment for plaintiff and close this case.

DATED: February 10, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE